IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-345-D-BM

| | |
|---|---|
| ENA McPHERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| EMPLOYMENT SOURCE, INC., d/b/a | ) |
| SERVICESOURCE, INC., | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on defendant's motion to compel [DE-25], to which plaintiff filed a response in opposition [DE-28]. For the reasons stated on the record during the telephonic hearing on January 21, 2025, as summarized below, plaintiff's motion to compel [DE-25] is GRANTED IN PART and DENIED AS MOOT IN PART.

On December 13, 2024, the court held a telephonic hearing [DE-40] on the motion to compel. After hearing from both counsel, the court directed the parties to meet and confer in an effort to resolve the discovery issues raised in the motion to compel ("discovery issues"). On December 17, 2024, as directed by the court, the parties filed a joint status report [DE-41] providing that after meeting and conferring, the discovery issues raised in the motion had either (i) been resolved, or (ii) the parties agreed that defendant "will provide full and complete discovery responses . . . on or before January 15, 2025[,]" as counsel for defendant was "still in the process of obtaining some of the information necessary to provide complete responses from his client . . . ." [DE-41] at 1. The court then directed the parties to file an additional joint status report no later than January 17, 2025. *See* [DE-42].

On January 17, 2025, the parties filed a joint status report [DE-43] noting in part that

although "[d]efendant contends that it has fully complied with its discovery obligations[,] . . . [p]laintiff contends discovery issues remain regarding Plaintiff's Second Request for Production No. 1." [DE-43] at 2-3. Despite these opposing positions, the joint status report indicated that the parties had potentially reached an agreement to resolve the remaining disputed discovery issues. *See id.*, Paragraphs 7; 10-11.

A telephonic hearing was held on January 21, 2025 [DE-44], during which the court confirmed with counsel that, except as specified below, the discovery issues raised in plaintiff's motion to compel had been resolved between the parties and were therefore moot. Accordingly, and for the reasons stated on record during the telephonic hearing, plaintiff's motion to compel [DE-25] is DENIED IN PART AS MOOT.

As indicated in the January 17, 2025 joint status report [DE-43], and as clarified by the parties during the telephonic hearing, the only remaining discovery issues are with regard to (1) "additional state reviews of the Pre-ETS program for 2020 and 2022, as well as the revenue and expense spreadsheets for 2019–2020 and 2021–2022" (*id.* at 2) ("*Pre-ETS material*"); and (2) "the existence of several other employee complaints that were made during [plaintiff's] employment that [plaintiff] contends ServiceSource has in its possession, custody, or control" (*id.* at 2-3) ("*complaint documents*"). During the January 21, 2025 hearing, counsel for defendant confirmed, as indicated in the joint status report, that (1) by January 24, 2025, counsel would provide notice to counsel for plaintiff regarding the availability of the *Pre-ETS material*, and to the extent the *Pre-ETS material* is in the possession, custody, or control of defendant, it will be produced to plaintiff no later than February 7, 2025; and (2) if the *complaint documents* exist and are available, they will be produced to plaintiff no later than February 7, 2025. Counsel for plaintiff confirmed that this would resolve the remaining discovery issues.

For the reasons stated on the record during the January 21, 2025 telephonic hearing, plaintiff's motion to compel [DE-25] is GRANTED IN PART, to the extent agreed between the parties to resolve the issues regarding the *Pre-ETS material* and *complaint documents*. Accordingly, the court ORDERS as follows:

1. No later than **January 24, 2025**, counsel for defendant shall provide notice to counsel for plaintiff regarding the availability of the *Pre-ETS material*. To the extent the *Pre-ETS material* is in the possession, custody, or control of defendant, this material shall be produced to plaintiff no later than **February 7, 2025**.

2. No later than **February 7, 2025**, to the extent the *complaint documents* are in the possession, custody, or control of defendant, these documents shall be produced to plaintiff.

3. The parties shall proceed in accordance with the December 5, 2024 [DE-36] order of United States District Judge James C. Dever III, and, for purposes of the directives provided in such order, February 7, 2025, shall serve as "the last date for Defendant's compliance set in an Order Granting Plaintiff's Motion to Compel in any part" ([DE-36] at 1).

4. As the parties were advised during the January 21, 2025 telephonic hearing, given the nature of this case and the discovery disputes that have arisen to date, the court finds that efficient case administration will be facilitated by conducting a status conference prior to the filing of further motions to compel. Accordingly, prior to filing any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements, the parties are required to: (i) meet and confer in-person, by telephone or by video-conference, as required by Local Civil Rule 7.1.(c)(2); and (ii) jointly request a telephonic discovery conference before the undersigned. The parties shall jointly notify Deputy Clerk Bobbie
3

Horton by e-mail at Documents_USMJ_Meyers@nced.uscourts.gov [1] of the nature of the discovery dispute and provide the parties' mutually agreed proposed dates and times for such conference.

SO ORDERED, this 24th day of January, 2025.

Brian S. Meyers
United States Magistrate Judge

---

[1] This is a receipt-only email address and should not be used for any other correspondence with the court.